**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY DALE GLEGHORN,

Petitioner-Appellant,

v.

RON WARD, Director,

Respondent-Appellee.

No. 02-6330
(D.Ct. No. CIV-01-1087-L)
(W..D. Okla.)

**ORDER**

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Jerry Dale Gleghorn, an Oklahoma state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the federal district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). We deny Gleghorn's request for a COA and dismiss.

Gleghorn pled guilty to false declaration of ownership in March 1999 and was sentenced to ten years' imprisonment. He did not seek to withdraw his plea within the ten-day period provided by Oklahoma law. See Rule 4.2(A), Rules of the Okla. Ct. of Crim. App., Okla. Stat. tit. 22, Ch. 18, App. Gleghorn filed a Petition for Hearing and/or

Modification of Sentence, which the state trial court denied in September 1999. The Oklahoma Court of Criminal Appeals ("OCCA") dismissed Gleghorn's appeal of this denial as untimely. Gleghorn then filed a state habeas petition, which was denied. When the OCCA affirmed the denial of Gleghorn's state habeas petition, Gleghorn filed a habeas petition in federal district court under 28 U.S.C. § 2254, claiming that the warrant upon which he was arrested was stale and that before his conviction, the statute of limitations had run on the charges. Finding two procedural defaults in the state court and no cause or prejudice, the magistrate judge recommended that the petition be denied.[1] See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding that procedural default in state court bars federal habeas review absent cause or prejudice). Adopting the magistrate judge's recommendation, the district court denied the petition, and did not grant Gleghorn a COA.

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). After careful review of Gleghorn's brief, the record, and the district court's order denying relief, we conclude that this standard is not met. See id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case,

---

[1] The magistrate judge found that Gleghorn defaulted his claim by (1) failing to timely withdraw his guilty plea and seek a direct appeal; and (2) failing to timely appeal the trial court's denial of his post-conviction motions to the OCCA.

a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). For substantially the same reasons articulated by the district court, we conclude that Gleghorn fails to demonstrate either cause and prejudice or a fundamental miscarriage of justice to overcome his procedural default. Therefore, we **DENY** a COA. Gleghorn's motion to proceed in forma pauperis before this court is **GRANTED**, and the matter is **DISMISSED**.

Entered for the Court
PATRICK FISHER, Clerk of Court


by:
    Deputy Clerk